# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

PAMELA HAMILTON AND
GUS TIMOTHY GEORGIAN                                              PLAINTIFFS

v.                                      CIVIL ACTION NO. 2:19-CV-47-KS-MTP

BRANDON MCLEMORE, MICHAEL HOFFER,
AND JEREMY DUNAWAY, individually and in
their official capacities as Hattiesburg, Mississippi
police officers                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause has come before the Court on Defendants' Renewed Motion to Dismiss Pursuant to M.R.C.P. 12(b)(6) [30]. Plaintiffs have responded [34, 35], and Defendants filed a rebuttal [36]. Having reviewed the parties' submissions, the Amended Complaint in this matter, and the relevant legal authority, the Court finds the motion is not well taken and will be denied.

## I. BACKGROUND

Plaintiffs, Pamela Hamilton and Gus Timothy Georgian, filed this action on April 2, 2019 against three police officers with the Hattiesburg Police Department, alleging constitutional rights violations arising from the alleged wrongful arrests of the two Plaintiffs for the murder of Plaintiff Georgian's sister. Plaintiffs sued the Defendants under 42 U.S.C. § 1983 in both their individual and official capacities. The Defendants filed a motion to dismiss the claims against them in their official capacities [4], which the Court granted [14]. This Court applied the law that in order for the Defendants to be held liable in their official capacities, which is essentially a suit against the governmental entity, "the entity's policy or custom must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). [14]. Having found the

allegations regarding any policy or practice lacking in the original Complaint, this Court granted dismissal. [14]. Plaintiffs then sought leave to file an Amended Complaint [15], which the Court granted [27].

On July 12, 2019, Plaintiffs filed their First Amended Complaint [28]. Plaintiffs have revised their allegations against the individual officers in their official capacity and added the City of Hattiesburg as a defendant. [15]. The individual Defendants in their official capacities and the City of Hattiesburg now move to dismiss the claims against them.

## II. DISCUSSION

### A. Legal Standard

To survive a motion to dismiss under rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that it plausible on its face." *In re: Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id*.

### B. Analysis

#### 1. Municipal Liability Claim

Plaintiffs bring claims against the named Defendants in their official capacities under 42 U.S.C. § 1983. [1] at ¶ 1. A suit against the officers in their official capacity is essentially a suit against the City of Hattiesburg. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dept. of Soc. Svcs.*, 436 U.S. 658, 690 n. 55 (1978)). Because the real party in interest is the governmental entity, "the entity's policy or custom must have played a part

in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Graham*, 473 U.S. at 166).

> Liability under section 1983 attaches where a deprivation of a right protected by the Constitution or by federal law is caused by an official policy. An official policy can be found in two forms:
>
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003) (quoting *Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir.1984) (per curiam)). "To satisfy the cause in fact requirement, a plaintiff must allege that 'the custom or policy served as the moving force behind the [constitutional] violation' at issue or that her injuries resulted from the execution of the official policy or custom." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (citations omitted) (alteration in original). The description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Id.*

Defendants contend that the First Amended Complaint fails to plead sufficient facts regarding a policy or custom of the City of Hattiesburg that was the moving force behind a constitutional violation. [30] at ¶ 5. They argue that the allegations are conclusory in that there are not specific facts relating to the policy or custom, "such as when it was adopted, the policymaker, or facts relating to how a policy or custom relates to the Plaintiffs' wrongful arrests." [31] at p. 3-4.

Plaintiff responds that only discovery can fully explore the establishment of the City's policy, and the Court agrees that there are no special pleading requirements that mandate that such a claim be plead with particularity, as in the case of fraud, for example, under Federal Rule of Civil Procedure 9(b). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain 'statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As such, Plaintiffs need not allege such particulars, which may not yet be within their knowledge.

Plaintiffs also contend that the following allegations in the First Amended Complaint are sufficient to show a policy or practice:

> The Defendants' specific pattern and practice of not returning DNA, fingernail clippings, fingerprints, photographs, and mug shots to arrestees who later have had the underlying criminal charges dismissed, and charging people with "hindering prosecution" without probable cause created the custom or policy which was the "moving force" behind said constitutional violations that damaged and continue to damage the Plaintiffs.
>
> The Defendants have created a continuing procedure, practice, and official policy of making false arrests of family members of victims of crimes, including a practice and policy of issuing arrests for hindering a prosecution, all without probable cause.
>
> In the alternative, the Defendants, or each of them, is a sole actor initiating official policy for the City of Hattiesburg, by way of individual egregious acts, all without probable cause or justification.
>
> In the alternative, the City of Hattiesburg has, by its deliberate indifference, inaction, and failure to promote a lawful policy concerning arrests or the gathering, not returning, and publication of individuals' personal data, such that its inaction in itself created a policy of unlawful conduct on the part of its agents, the individual Defendants herein.

[15] at ¶¶ 11, 38, 39, 40.

The Court finds that these allegations are not conclusory, but rather sufficiently describe the policy, custom, or practice of which Plaintiff complains. Whether Plaintiff will ultimately prevail is a question for another day. For now, Plaintiff has sufficiently stated a claim for notice pleading purposes, such that Defendants' motion will be denied.

Because the motion is due to be denied on these grounds, the Court will simply note that it does not agree with Plaintiff's argument that because Magistrate Judge Michael Parker granted Plaintiffs leave to amend their pleadings [27], Defendants cannot bring a motion to dismiss but rather had to appeal the ruling granting leave. [35] at p. 48. There is no legal support for such a conclusion, and Judge Parker specifically stated, "At this stage, leave to amend will not be denied as clearly futile based on the record before the Court. The parties may address the merits of the claims asserted via a motion to dismiss or other appropriate motion." [27] at pp. 2-3.

The *Jones v. City of Hattiesburg* case cited by Plaintiffs does not stand for such a proposition. 2018 U.S. Dist. LEXIS 126782 (S. D. Miss. 2018). In that case, the original motion to dismiss was pending when plaintiff was granted leave to amend, thereby mooting the original motion by the amendment. In this case, Plaintiffs never sought leave to amend before the Defendants' motion to dismiss was granted. Because generally an amended pleading supersedes any prior pleading,[1] a Defendant is always free to respond to an amended pleading in accordance with the Federal Rules of Civil Procedure, which would include a motion to dismiss. *See U.S. v. Health Mgt. Assocs., Inc.*, No. 4:10–cv–10013, 2013 WL 12077815, at *2 (S.D. Fla. Mar. 1, 2013) (noting "the granting of a motion for leave to amend does not preclude a motion to dismiss the subsequent amended complaint, as different standards govern the two different motions.")

---

[1] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading).

Therefore, Judge Parker's allowing Plaintiffs leave to amend and finding that the amendment was not futile did not foreclose this subsequent motion to dismiss again challenging the sufficiency of the pleadings.

### 2. Expungement Claim

As for the expungement claim, the Court finds that the authority cited by the Defendants is not applicable here.[2] Those cases involved individuals who had actually been convicted and challenged their convictions on the grounds that the statutes under which they were convicted were unconstitutional and sought relief under Section 1983. Here, there has been no conviction, and Plaintiff has pled jurisdiction for such request under 28 U.S.C. § 1367. The Court finds that the case cited by Plaintiffs, *Garris v. Rowland*, 678 F.2d 1264 (5th Cir. 1982) authorizes such jurisdiction over this request which is made pursuant to state law. Again, whether Plaintiff will prevail is a question for another day. As for now, the Court finds Plaintiff has stated a claim.

## III. CONCLUSION

For these reasons, it is hereby ORDERED that the Defendants' Renewed Motion to Dismiss [30] is denied.

SO ORDERED AND ADJUDGED this 3rd day of October 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[2] *Cavett v. Ellis*, 578 F.2d 567 (5th Cir. 1978) and *Carter v. Hardy*, 543 F.2d 555 (5th Cir. 1976).