## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**PAMELA HAMILTON AND**
**GUS TIMOTHY GEORGIAN**                                                    **PLAINTIFFS**

**v.**                                            **CIVIL ACTION NO. 2:19-CV-47-KS-MTP**

**BRANDON MCLEMORE, MICHAEL HOFFER,**
**AND JEREMY DUNAWAY, individually and in**
**their official capacities as Hattiesburg, Mississippi**
**police officers, and THE CITY OF HATTIESBURG,**
**MISSISSIPPI**                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This cause has come before the Court on Defendants' Motion to Strike [95]. Plaintiffs have responded [106], and Defendants filed a reply [108]. Having reviewed the parties' submissions, the expert report of JAT Consulting, LLC, and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds the motion is well taken and will be granted.

**I. BACKGROUND**

Plaintiffs, Pamela Hamilton and Gus Timothy Georgian, filed this action on April 2, 2019 against three police officers with the Hattiesburg Police Department, alleging constitutional rights violations arising from the alleged wrongful arrests of the two Plaintiffs relating to the murder of Plaintiff Georgian's sister.[1] Plaintiffs sued the Defendants under 42 U.S.C. § 1983 in both their individual and official capacities. The Complaint sets forth detailed facts surrounding the arrests and the events leading up to the arrests.

---

[1] According to the Amended Complaint, Plaintiff Georgian was charged with murder, while Plaintiff Hamilton was charged with hindering a prosecution. [28] at ¶ 28, 29. The charges were later "no billed." *Id*. ¶¶ 36, 37.

Plaintiffs served their Designation of Expert Witnesses and designated John A. Tisdale and Kenneth Goodrum of JAT Consulting, LLC as experts in the field of law enforcement. [95-1]. The experts' signed report dated December 20, 2019 was included with the designation.[2] [95-1] at pp. 4-21. Defendants now seek to exclude these expert opinions and ask the Court to preclude Tisdale and Goodrum from testifying as an expert.

## II. DISCUSSION

### A. Legal Standard

The admissibility of an expert's testimony and opinions are reviewed under Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

An expert's opinion should be excluded under Rule 702 if it crosses the line between a "mere explanation of the experts analysis of the facts" and a "forbidden opinion on the ultimate legal issue." *United States v. Cuellar*, 478 F.3d 282, 295 (5th Cir. 2007) (quoting *United States v. Gutierrez-Farias*, 294 F.3d 657, 663 (5th Cir. 2002)). Although Federal Rule of Evidence 704 does state that "[a]n opinion is not objectionable just because it embraces an ultimate issue," it "does not allow a witness to give legal conclusions." Fed. R. Evid. 704(a); *United States v. Izydore*, 167 F.3d 213, 218 (5th Cir. 1999).

---

[2] The report states that it is from John A. Tisdale and Ken Goodrum; however, only Tisdale signed it. [95-1] at p. 21. Thus, the Court refers to the report and the expert opinions as "Tisdale's."

**B. Analysis**

Defendants argue that Tisdale's opinions are inadmissible because they are wholly conclusory statements that go directly to the legal issues in this case and are within the exclusive province of the Court and/or jury. Plaintiffs assert that Tisdale's report merely gives his opinion as to the reasonableness of the interrogations and the initial arrests, as well as the reasonableness of the Defendants' preventing the Plaintiffs from having access to their attorneys. Plaintiffs assert that Tisdale will also opine about whether the facts proffered by Defendant Hoffer in support of the arrest warrants contain misrepresentations. Plaintiffs contend that Tisdale will not offer an opinion as to whether or not Plaintiffs were illegally arrested.

In his report, Tisdale states that his firm was retained "to review the factual allegations and defenses in this case." [95-1] at p. 4. He also claims that the review was conducted using "Forensic Scientific Methodology, which is accepted by other experts in our field and subjected to peer review." *Id*. Throughout the report, Tisdale lists the steps taken in his review, which includes: 1) gather the witness evidence and conduct a complete review of the sworn testimony in the matter; 2) form the questions to be addressed; 3) acquire physical and additional evidence; and 4) compare the consistency of the alleged events with physical findings, obtaining additional data needed.

The Court need not look any further than the questions to be answered, which were indeed answered in the report and appear to be the opinions he intends to offer in the trial of this matter. [95-1] at pp. 17-18. Although the title of that section of the report is "Assessment to a reasonable degree of scientific certainty," there is nothing scientific about the method used or the conclusions reached. Tisdale has done nothing other than review the evidence that either may or will be presented to a jury, and reach legal conclusions about the evidence. As such, the opinions

are inadmissible legal conclusions that must be excluded. This is clear from the fact that to support his conclusions, which he does under each conclusion, Tisdale simply cites to certain evidence that he reviewed. "[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Frankly, the report reads like a closing summation argument from an attorney.

Plaintiffs concede that Tisdale's proffered testimony about the "illegality" of the arrests is a legal conclusion but argues that the rest of his opinions are not. Regardless, of whether they are "legal conclusions," the Court finds that all of the opinions are inadmissible under Rule 702 because Tisdale applies no scientific, technical, or specialized knowledge that would assist the trier of fact in understanding the evidence or determining a fact in issue, and Plaintiffs do not argue otherwise. While he indicates that he reviewed an International Association of Chiefs of Police Model Policy,[3] Tisdale does not support his final opinions with any information from such Policy, only the evidence itself. Plaintiffs claim that "as an expert in law enforcement procedure, Mr. Tisdale has closely parsed through" thousands of pages of discovery and multiple hours of video interrogations to reach his opinions. Regardless, his opinions do not evince any particularized training or knowledge necessary to reach his conclusions. The conclusions Tisdale reaches are simply ones that a jury might reach when it, too, has assessed all of the evidence.

Tisdale's opinions are quite similar to opinions from an expert in another case from this Court, *U.S. v. Harvey*, wherein the Court excluded opinions from a Dr. Martinelli whose opinions had also been rejected by other courts. 405 F. Supp. 3d 667, 672 (S.D. Miss. 2019). Similar to Dr. Martinelli, several courts, including this one and the Northern District of

---

[3] [95-1] at p. 13.

Mississippi, have excluded Tisdale's opinions, which often involve legal conclusions based on his review of the record evidence. *See, e.g., Oliver v. Holmes County*, No. 3;12-cv-683, 2013 WL 4039392 (S.D. Miss. Aug. 7, 2013) (finding that certain paragraphs in Tisdale's affidavit assert nothing more than legal conclusions based on a review of the evidence); *Estate of Manus v. Webster County*, No. 1:11-cv-149, 2014 WL 1285946 (N.D. Miss. Mar. 31, 2014) (finding that many of Tisdale's statements could be properly characterized as impermissible legal conclusions but allowing testimony relating to law enforcement training, model policies, and standards);[4] *Borgognoni v. City of Hattiesburg*, No. 2:13-cv-241, 2016 WL 3017393 (S.D. Miss. May 24, 2016) (excluding Tisdale's opinion as to the reasonableness of the force used by police officers).

Plaintiffs argue that the analysis in *Borgognoni* should be applied here, in that there were portions of Tisdale's report in that case that did not deal with inadmissible conclusions. The Court disagrees. In *Borgognoni*, many of the other conclusions, while they may not have been legal conclusions, at the very least appeared to be supported by specialized knowledge of police procedures and training manuals, as well as industry and specific department standards. That is not the case here. Tisdale relies solely on evidence, which may be voluminous, but is not "complicated."[5]

Finally, Plaintiffs contend that there is a fine line between expert testimony evaluating complicated facts and law enforcement procedures and a summary of voluminous evidence proffered under Federal Rule of Evidence 1006. [106] at p. 2. Plaintiffs argue that Mr. Tisdale's testimony will nonetheless clearly be admissible as a summary of voluminous data, reports and

---

[4] Although portions of the court's opinion were reversed on reconsideration and clarified in a later order, none of the issues involved the ruling on Tisdale's testimony. *See* 2014 WL 2207851 (N.D. Miss. May 28, 2014): 2014 WL 3866577 (N.D. Miss. Aug. 6, 2014).

[5] For example, to opine that the Plaintiffs were denied access to their attorneys, he refers only to timestamps in the video recordings and, as to Plaintiff Hamilton, certain deposition testimony. [95-1] at pp. 17, 20.

videos under Rule 1006.[6] Defendants argue that they will seek to exclude the report itself later in a separate motion in limine, but for several reasons the report is not admissible as a summary of evidence under Rule 1006. The Court declines to rule regarding the use of Rule 1006 at this time, as there has not been adequate briefing of the issue, and the parties appear to have a disconnect. Plaintiffs are claiming that Tisdale's *testimony* would be admissible under Rule 1006, as in he would be a "summary witness,"[7] and Defendant is arguing about the *report* being admissible under Rule 1006. Therefore, the Court defers ruling. Tisdale's testimony and/or report and the use of Rule 1006 needs to be the subject of a separate motion, which includes thorough briefing.

### III. CONCLUSION

For the reasons stated herein, it is hereby ORDERED that the Defendants' Motion to Strike [95] is GRANTED. The opinions of Plaintiffs' expert JAT Consulting, LLC, i.e., John A. Tisdale and Kenneth Goodrum, contained on Pages 14-18 of the report dated December 20, 2019[8] are hereby excluded.

SO ORDERED AND ADJUDGED this 3rd day of August 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[6] The Court is going to defer ruling but notes that the Fifth Circuit has expressed some serious misgivings over the use of summary witnesses and cautioned against their use in non-complex cases. *See United States v. Fullwood*, 342 F.3d 409, 414 (5th Cir. 2003). Thus, it may not be so clear that such testimony will be admissible.

[7] Not only do Plaintiffs state that the "testimony" would be admissible under Rule 1006, but also, they cite to *United States v. Hart*, 295 F.3d 451 (5th Cir. 2002), which deals with the use of a summary witness.

[8] In the Exhibit [95-1], the opinions are on pages 17-21.